UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS HARRIS, <br><br> Plaintiff, <br><br> v. <br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No.: C07-1786 CRD <br><br><br> ORDER RE: SOCIAL SECURITY <br> DISABILITY APPEAL |

Plaintiff Thomas Harris appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-nine-year-old male, forty-four years old at the alleged disability onset date. He has a high school education and has work experience as a crabmeat processor, loader, slot machine mechanic, and box-office cashier. Plaintiff applied for SSI and DIB in February

2005, alleging disability since October 2002.[1]  His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing.

A *de novo* hearing before ALJ Adams was held on April 27, 2007.  The ALJ heard testimony from Plaintiff, who was represented by counsel, Steven Robey, Esq.  Administrative Record ("AR") at 296-326.  The ALJ rendered an unfavorable decision on June 19, 2006, finding Plaintiff not disabled.  Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 422.210 (2006).  On November 7, 2007, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id*.

///

///

---

[1] At the ALJ hearing, Plaintiff amended his onset date to July 1, 2003.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Harris bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 15, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairment of degenerative disc disease. AR at 15, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any

---

[2]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.* In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR at 16, Finding 4.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff "has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. [He][3] can stand/walk 2 hours in an 8-hour workday, and sit for 6 hours in a workday, with a sit/stand option. [He] can occasionally stoop and crouch, and frequently crawl, kneel, balance, and climb ramps and stairs. [He] cannot climb ladders, ropes, and scaffolds. He should avoid concentrated exposure to hazards such as machinery and heights." AR at 16, Finding 5.

The ALJ next found that Plaintiff could not perform any of his past relevant work. AR at 18, Finding 6. If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff could perform a range of unskilled, sedentary to light jobs with a sit/stand option, including ticket seller, gate security guard, and parking lot cashier. AR at 18. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. AR at 19.

///

---

[3] The ALJ's written decision mistakenly refers to plaintiff Mr. Harris as "she" in numerous places.

ORDER - 4

# V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in evaluating the medical evidence?
2. Did the ALJ err in the hypothetical question to the vocational expert?
3. Did the ALJ err in Plaintiff's credibility determination?

Dkt. No. 16.

# VI. DISCUSSION

*A.   The ALJ did not err in evaluating the medical evidence.*

The ALJ found Plaintiff retained the RFC for more than sedentary but less than light work, finding Plaintiff could carry twenty pounds occasionally and ten pounds frequently (consistent with light work), but could only stand/walk for two hours in an eight-hour workday (consistent with sedentary work). AR at 16. Plaintiff asserts the ALJ erred in concluding he has an RFC for light work despite his three treating physicians' limitation to sedentary work lifting ten pounds maximum. Dkt. 16 at 10. Plaintiff argues that the ALJ did not give specific and legitimate reasons for discounting his treating physicians' opinions and instead relying more heavily on the opinions of a nontreating, nonexamining state agency medical records reviewers. Defendant argues that the ALJ properly evaluated the medical evidence, but that "even if the ALJ should have concurred with Plaintiff's treating doctors regarding his lifting limitations, any such error was harmless because at least one of the jobs that the ALJ found Plaintiff could perform required 'very minimal' lifting or carrying." Dkt. 18 at 5.

To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a

treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751 55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

Here, the ALJ discussed the opinions of Plaintiff's three treating physicians, Drs. Saunders, Lawrence, and Houk, but differed with their opinions in concluding that Plaintiff could lift more. AR at 17. With respect to Dr. Saunders' assessment following a September 2004 MRI, the ALJ noted that "[Dr. Saunders ] assessed the claimant as capable of sedentary work with changes of position. This assessment is considered, but on October 1, 2004 the claimant was seen at Mt. Baker Spine Center, where he presented without evidence of L4 radiculopathy or radiculitis, or sensory and motor loss. That does not support a strict limitation to sedentary work, but Dr. Saunders' comments are given careful consideration." AR at 17. Regarding Dr. Lawrence's assessment, the ALJ noted that the doctor found he could perform sedentary tasks for three hours a day. Regarding Dr. Houk's opinion, the ALJ noted that the doctor found Plaintiff could perform sedentary work. *Id.* Thus, all three of Plaintiff's treating physicians found him capable of performing sedentary work, defined on the forms they filled out as occasional carrying of up to ten pounds. AR at 198, 200, 233. The ALJ agreed with the physicians' opinions regarding Plaintiff's sitting and standing limitations but found he could lift up to twenty pounds although the physicians found a ten pound maximum. The twenty-pound occasional lifting ability was assigned by the state agency reviewing physicians. AR at 134. Although the reviewing physicians concluded that Plaintiff could perform light work with some postural limitations, the ALJ did not entirely adopt their evaluation because he found that "the record suggests the claimant would be a bit more limited in standing and walking, and would also need an opportunity to change positions." AR at 17.

The ALJ found that Plaintiff's activities showed him more capable than he alleges, noting, "he took public transportation, visited others, shopped, performed household chores, and managed his personal care. These activities are consistent with the residual functional capacity determined in this matter." AR at 18. Such activities do not necessarily involve lifting twenty

pounds, however, any error in the lifting assessment is harmless because Plaintiff is capable of performing some of the jobs the ALJ identified.

Not one of Plaintiff's treating physicians found him unable to work, and all three found him capable of some sedentary work. At the hearing, the vocational expert ("VE") found Plaintiff could perform the light work jobs of ticket seller, security guard, toll collector, and parking lot cashier when they have a sit/stand option. AR at 322-24. Although the jobs are classified as "light work", the VE and the ALJ discussed that a percentage of each of these job categories do not require much lifting as actually performed. AR at 322. This is supported by the Dictionary of Occupational Titles ("DOT"), upon which the VE based her opinion. For example, the DOT states that the job of cashier (DOT 211.462-010) has a strength designation of "light work" requiring up to the occasional lifting of twenty pounds, however also notes that the job's "physical demand requirements are in excess of those for Sedentary Work. **Even though the weight lifted may be only a negligible amount, a job should be rated Light Work**: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." *Dictionary of Occupational Titles*, fourth edition. 1991 WL 671840 (emphasis added). Thus, as a cashier, the actual weight lifted may be low, and the categorization of the position as "light" as opposed to "sedentary" stems from the greater amount of walking, standing, pushing, and pulling that might be required in some jobs—not because of a high weight limit. As discussed at the hearing, Plaintiff can perform a percentage of the selected jobs (cashier, toll collector, ticket seller and similar) when they provide the alternative option to sit/stand. AR at 322-24. The VE testified that there were a significant number of these jobs that allow for the sit/stand option. *Id.* Thus, even if the ALJ had found Plaintiff could only lift a maximum of ten pounds, a significant number of jobs exist within the categories that Plaintiff could perform. The vocational expert's testimony in that regard, coupled with the opinions of Plaintiff's three treating physicians that he is able to perform some sedentary work, support the ALJ's conclusion that he has the residual functional

capacity to perform the jobs identified. Therefore, the Court will not reverse the ALJ's decision on this ground.

   B.   *The ALJ did not err in the hypothetical question to the vocational expert.*

Plaintiff contends that the ALJ erred at step five because the hypothetical question was incorrect as it did not limit Plaintiff's maximum lifting to ten pounds. Dkt. 16 at 19. Plaintiff bases this argument on assigning error to the RFC determination as discussed above. The ALJ found that although Plaintiff could not perform the full range of light work, he could perform some light work if he was able to alternate sitting and standing throughout the day. Based on the vocational expert testimony in response to the question involving a person with those limitations, the ALJ concluded Plaintiff is capable of working as a ticket seller, security guard, toll collector, and parking lot cashier with a sit/stand option. As addressed above, this Court finds the RFC determination and resulting job identification were based on substantial evidence and not in error; thus, the hypothetical questions asked of the VE based on that RFC were also not in error. The ALJ appropriately used a vocational expert to find examples of light-work jobs Plaintiff could perform, based on the RFC and limitations he assigned. Where the ALJ's findings are based upon substantial evidence in the record, the Commissioner's decision to deny benefits will not be reversed. *Bayliss*, 427 F.3d at 1214.

   C.   *The ALJ did not err in assessing Plaintiff's credibility.*

Plaintiff claims that substantial evidence does not support the ALJ's adverse credibility finding. However, this Court finds that the ALJ's decision sets forth clear and convincing reasons for not fully crediting Plaintiff's complaints. Absent evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms by giving "specific, clear and convincing reasons" for the rejection. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59.

In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

1995). "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). An ALJ may not discredit a claimant's pain testimony solely on the ground that it is not supported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

Here, the ALJ concluded that Plaintiff's testimony was not fully credible because his activities of daily living supported an RFC for light work as discussed above. The ALJ found some evidence of malingering in the possible exaggeration of symptoms based on Dr. Lawrence's indeterminate test results. AR at 17. The ALJ noted that Plaintiff "has some symptoms and limitations, but not to the point of disability. Other evidence supports that conclusion. The claimant reported that he took public transportation, visited others, shopped, performed household chores, and managed his personal care. These activities are consistent with the residual functional capacity determined in this matter." AR at 18. Finally, the ALJ discussed the opinions of Plaintiff's treating physicians, all three of whom found him capable of some work.

Accordingly, the Court finds that the ALJ determined, based on substantial evidence in the record, that Plaintiff's symptoms were less severe than he alleged. The ALJ's credibility assessment is supported by clear and convincing reasons, based on substantial evidence, and is free of legal error. *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility determinations are entitled to great deference); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

///

///

///

# VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 28th day of July, 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 10